# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWARD LEE SMITH,

    Petitioner,

vs.

GLEN WHORTON, et al.,

    Respondents.

Case No. 2:06-CV-00291-RLH-(RJJ)

**ORDER**

    Petitioner has submitted an Appendix of Exhibits (#9) with the state-court decisions on his case. Based upon the information provided, it now appears that the Petition (#3) is timely. The Court has reviewed the Petition (#3) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It must dismiss Ground One and part of Ground 6. The Court will serve the Petition (#3) upon Respondents for a response to the remaining grounds.

    In Ground One, Petitioner claims that at the preliminary hearing the state failed to present evidence sufficient to establish probable cause that he committed murder. "There is no federal Constitutional right to a preliminary hearing." Hines v. Enomoto, 658 F.2d 667, 677 (9th Cir. 1981) (citing Ramirez v. State of Arizona, 437 F.2d 119 (9th Cir. 1971)) (abrogated on other grounds by Ross v. Oklahoma, 487 U.S. 81 (1988)). Petitioner is arguing a point of state law, which is not cognizable in federal habeas corpus. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). The Court dismisses Ground One.

    In Ground Six, paragraphs 3-8, Petitioner describes errors that the state courts committed during his state habeas corpus petition. "[A] petition alleging errors in the state post-

conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).  The Court dismisses this part of Ground Six.

        IT IS THEREFORE ORDERED that Ground One and Ground Six, paragraphs 3-8, of the Petition for a Writ of Habeas Corpus (#3) are **DISMISSED**.

        IT IS FURTHER ORDERED that the Clerk shall serve the Respondents a copy of the Petition (#3) and Appendix of Exhibits (#9) by certified mail upon the Office of the Attorney General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717.  In addition, the Clerk shall return to Petitioner a copy of the Petition (#3) which was sent to the Court.

        IT IS FURTHER ORDERED that Respondents shall have forty-five (45) days from the date on which the Petition (#3) was served to answer, or otherwise plead to, the Petition (#3).  If Respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

        IT IS FURTHER ORDERED that henceforth, Petitioner shall serve upon Respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Respondents or counsel for the Respondents.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

        DATED this ____19th____ day of _____October_____, 2006.

_____
ROGER L. HUNT
United States District Judge