1

2

3

4

5

6             **UNITED STATES DISTRICT COURT**

7                   **DISTRICT OF NEVADA**

8

9   EDWARD LEE SMITH,

10        Petitioner,                              Case No. 2:06-CV-00291-RLH-(RJJ)

11   vs.                                           **ORDER**

12   GLEN WHORTON, et al.,

13        Respondents.

14

15        Before the Court are Respondents' Motion to Dismiss (#19) with supporting Exhibits

16   (#20, #21) and Petitioner's Response (#29).  Five days before Respondents submitted their Motion

17   (#19), Petitioner sent to the Court and served upon Respondents by mail a First Amended Petition

18   for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (#24); it arrived in the Court on the same

19   day as the Motion to Dismiss (#19).  The First Amended Petition (#24) is equivalent to the original

20   Petition (#3), with respect to the arguments in the Motion to Dismiss (#19), and the Court will apply

21   the Motion (#19) to the First Amended Petition (#24).  The Court finds that some of Petitioner's

22   claims are procedurally defaulted and that one claim is not exhausted.

23        After a jury trial, the Eighth Judicial District Court of the State of Nevada convicted

24   Petitioner of second degree murder with the use of a deadly weapon.  Ex. 32 (#20-9, p. 16).[1]

25   Petitioner appealed, and the Nevada Supreme Court affirmed on November 21, 2003.  Ex. 37 (#20-

26   12, p. 16).  Petitioner then filed a post-conviction petition for a writ of habeas corpus in the state

27

28        [1]Page numbers in parentheses refer to the Court's electronic image file.

1   court on June 8, 2004.  Ex. 39 (#21-2 through #21-5, p. 16).  Petitioner filed an amended petition on

2   July 9, 2004.  Ex. 41 (#21-6 through #21-9).  The state court denied the petition on December 7,

3   2004.  Ex. 45 (#21-12, p. 2).  Petitioner appealed, and the Nevada Supreme Court affirmed on April

4   4, 2005.  Ex. 48 (#21-13, p. 2).  Petitioner then commenced this action.

5          Grounds 3 and 4 are at issue in the Motion (#19).  Respondents have divided Ground

6   3 into two parts, and the Court adopts that division.  Ground 3(A) claims that the prosecutor

7   committed misconduct in the closing argument by stating, "Not once did you hear about an incident

8   where the [D]efendant was chasing people away from his car.  Or, is upset that people are sitting on

9   his car or in it."  First Amended Petition, p. 7 (#24, p. 14).  Ground 3(B) claims that the prosecutor

10  misrepresented the nature of the wounds sustained by the decedent.  Id., p. 7A (#24, p. 15).  In

11  Ground 4, Petitioner claims that police officers harassed Eric Orduna, a witness for the defense,

12  right before he was scheduled to testify, "to have a chilling effect on the Defendant's substantive

13  right to have compulsory process for obtaining witnesses in his favor."  Id., pp. 9-10 (#24, pp. 18-

14  19).

15         Petitioner raised Grounds 3(B) and 4 for the first time in his state habeas corpus

16  petition.  The district court found that Petitioner had waived the grounds because he had not raised

17  them in his direct appeal.  Ex. 45, pp. 4, 8 (#21-12, pp. 6, 10) (citing Nev. Rev. Stat. § 34.810).  The

18  Nevada Supreme Court found the same thing.  Ex. 48, pp. 13-14 (#21-13, pp. 14-15) (citing Nev.

19  Rev. Stat. § 34.810).

20         A federal court will not review a claim for habeas corpus relief if the decision of the

21  state court regarding that claim rested on a state-law ground that is independent of the federal

22  question and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31

23  (1991).

24         In all cases in which a state prisoner has defaulted his federal claims
           in state court pursuant to an independent and adequate state
25         procedural rule, federal habeas review of the claims is barred unless
           the prisoner can demonstrate cause for the default and actual prejudice
26         as a result of the alleged violation of federal law, or demonstrate that
           failure to consider the claims will result in a fundamental miscarriage
27         of justice.

28

1  Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).  Contrary to Petitioner's argument,

2  the ground for dismissal upon which the Nevada Supreme Court relied in this case is an adequate

3  and independent state rule.  Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat.

4  § 34.810).

5         To demonstrate cause to excuse a procedural default, the petitioner must "show that

6  some objective factor external to the defense impeded" his efforts to comply with the state

7  procedural rule.  Murray, 477 U.S. at 488 (emphasis added).  For cause to exist, the external

8  impediment must have prevented the petitioner from raising the claim.  See McCleskey v. Zant, 499

9  U.S. 467, 497 (1991).

10        Petitioner argues that his appellate counsel was ineffective for failing to raise the

11  issues in Grounds 3(B) and 4 on direct appeal.  A claim of constitutionally ineffective assistance of

12  counsel can be cause to excuse a procedural default.  Murray, 477 U.S. at 488-89.  However, that

13  claim must be raised and exhausted as a separate ground in State court.  Id. at 489.  Also, the claim

14  of ineffective assistance of counsel must itself not be procedurally defaulted.  Edwards v. Carpenter,

15  529 U.S. 446, 452-53 (2000).  The Court has reviewed Petitioner's amended state habeas corpus

16  petition. Ex. 41 (#21-6 through #21-9).  In it, he did not argue that appellate counsel was ineffective

17  for failing to raise the issues of prosecutorial misrepresentation of the decedent's wounds or the

18  harassment of Eric Orduna before Orduna was to testify.  Because Petitioner did not present this

19  ineffective-assistance argument to the state courts, the argument cannot constitute good cause to

20  excuse the procedural default of Grounds 3(B) and 4.

21        Respondents also contend that Ground 3(A) is unexhausted.  Before a federal court

22  may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies

23  available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, a petitioner must fairly

24  present that ground to the state's highest court, describing the operative facts and legal theory, and

25  give that court the opportunity to address and resolve the ground.  See Duncan v. Henry, 513 U.S.

26  364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

27        "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available

28  state remedies only if he characterized the claims he raised in state proceedings specifically as

-3-

1    federal claims.  In short, the petitioner must have either referenced specific provisions of the federal

2    constitution or statutes or cited to federal case law."  <u>Lyons v. Crawford</u>, 232 F.3d 666, 670 (9th Cir.

3    2000) (emphasis in original), <u>amended</u>, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law

4    which applies federal constitutional principles will also suffice.  <u>Peterson v. Lampert</u>, 319 F.3d

5    1153, 1158 (9th Cir. 2003) (<u>en banc</u>).  "The mere similarity between a claim of state and federal

6    error is insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional

7    principles, such as due process, equal protection, and the right to a fair trial, are insufficient to

8    establish exhaustion."  <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

9              Petitioner has not presented the issue in Ground 3(A) to the state courts.  Petitioner

10   did not raise improper closing argument as an issue in his direct appeal.  <u>See</u> Ex. 34 (#20-10 through

11   #20-11).  Petitioner did raise improper closing argument in Ground 6 of his amended state habeas

12   corpus petition.  Ex. 41, pp. 33-42 (#21-8, pp. 14-23).  However, that ground concerned the

13   prosecutor's comments about the nature of the victim's wounds.  State Ground 6 had nothing to do

14   with the prosecutor's comments that the jury never heard evidence that Petitioner was chasing

15   people away from his car or that Petitioner was unhappy with people sitting in or on his car.

16   Therefore, Ground 3(A) is unexhausted.

17              The Amended Petition (#24) is mixed, containing both claims exhausted in state

18   court and claims not exhausted in state court, and it is subject to dismissal.  <u>See</u> <u>Rose v. Lundy</u>, 455

19   U.S. 509, 521-22 (1982); <u>Szeto v. Rushen</u>, 709 F.2d 1340, 1341 (9th Cir. 1983).  Petitioner may

20   voluntarily dismiss the unexhausted Ground 3(A) and proceed with the remaining grounds, he may

21   voluntarily dismiss this action without prejudice while he returns to state court to exhaust Ground

22   3(A), or he may move to stay this action while he returns to state court to exhaust Ground 3(A).

23              Petitioner has asked for a stay.  Response, p. 3 (#29).  He must show that he has

24   "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there

25   is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  <u>Rhines v.</u>

26   <u>Weber</u>, 544 U.S. 269, 278 (2005).  Petitioner argues that good cause exists because appellate

27   counsel was ineffective for failing to raise Ground 3(A) on direct appeal.  However, just as with

28

1   Grounds 3(B) and 4, Petitioner did not present this ineffective-assistance claim to the state courts in

2   his state habeas corpus petition, and it cannot amount to good cause to excuse the failure to exhaust.

3   The Court has also reviewed the Amended Petition (#24) pursuant to Rule 4 of the

4   Rules Governing Section 2254 Cases in the United States District Courts.  When the Court screened

5   the original Petition, it dismissed Ground 1 and paragraphs 3-8 of Ground 6

6   In Ground One, Petitioner claims that at the preliminary hearing the state
    failed to present evidence sufficient to establish probable cause that he committed
7   murder.  "There is no federal Constitutional right to a preliminary hearing." Hines v.
    Enomoto, 658 F.2d 667, 677 (9th Cir. 1981) (citing Ramirez v. State of Arizona, 437
8   F.2d 119 (9th Cir. 1971)) (abrogated on other grounds by Ross v. Oklahoma, 487
    U.S. 81 (1988)).  Petitioner is arguing a point of state law, which is not cognizable in
9   federal habeas corpus.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991).  The Court
    dismisses Ground One.
10  In Ground Six, paragraphs 3-8, Petitioner describes errors that the state courts
    committed during his state habeas corpus petition.  "[A] petition alleging errors in
11  the state post-conviction review process is not addressable through habeas corpus
    proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also
12  Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).  The Court dismisses this
    part of Ground Six.

13

14  Order, pp. 1-2 (#11).  Ground 1 and Ground 6, paragraphs 3-8, of the Amended Petition (#24) are

15  identical to Ground 1 and Ground 6, paragraphs 3-8, of the original Petition (#3).  The Court

16  dismisses these grounds for the same reasons.

17  IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#19) is

18  **GRANTED**.

19  IT IS FURTHER ORDERED that Grounds 3(B) and 4 are **DISMISSED** as

20  procedurally defaulted.

21  IT IS FURTHER ORDERED that Ground 1 and Ground 6, paragraphs 3-8 are

22  **DISMISSED**.

23  IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days from the date

24  of entry of this Order to do one of the following:  (1) inform this Court in a sworn declaration that

25  he wishes to dismiss Ground 3(A) of his Amended Petition (#24), and proceed only on the

26  remaining grounds for relief, or (2) inform this Court in a sworn declaration that he wishes to

27  dismiss his Amended Petition (#24) to return to state court to exhaust his state remedies with respect

28  to the claims set out in Ground 3(A).  Failure to comply will result in the dismissal of this action.

1    IT IS FURTHER ORDERED that if Petitioner elects to dismiss Ground 3(A) of his

2  Amended Petition (#24) and proceed on the remaining grounds, Respondents shall file and serve an

3  answer or other response to the remaining grounds within thirty (30) days after Petitioner serves his

4  declaration dismissing those grounds.  If Respondents file and serve an answer, it shall comply with

5  Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

6    IT IS FURTHER ORDERED that if Respondents file and serve an answer, Petitioner

7  shall have thirty (30) days from the date on which the answer is served to file and serve a reply.

8    DATED this ____7th____ day of _____August_____, 2007.

9

10  _____
    ROGER L. HUNT

11    Chief United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28